recommended the imposition of sanctions against certain attorneys and judges, including the above-named respondent, for failure to comply with the provisions of Gov.Bar R. X and Gov.Jud.R. IV, for the 2000–2001 reporting period.

On November 6, 2002, pursuant to Gov.Bar R. X(6)(B)(1), this court issued to the respondent an order to show cause why the commission's recommendation should not be adopted and an order so entered against the respondent. Respondent filed objections to the commission's recommendation and this cause was considered by the court. Upon consideration thereof,

IT IS ORDERED by the court, sua sponte, that respondent shall pay to the Commission on Continuing Legal Education, within 30 days of the date of this order, by certified check, bank check, or money order, a sanction fee which is hereby imposed in the total amount of $430.00.

IT IS FURTHER ORDERED that the Clerk of the court shall record the respondent's status on the roll of attorneys as "NOT IN GOOD STANDING" until such time as the respondent has complied with this order but that this order shall not be considered a disciplinary order pursuant to Gov.Bar R. V or Gov.Bar R. X(6)(H).

IT IS FURTHER ORDERED that the commission shall notify the Clerk of the court when payment of the imposed sanction has been made by respondent.

IT IS FURTHER ORDERED that, payment of the sanction notwithstanding, respondent shall comply with the requirements imposed by Gov.Bar R. X for the 2000–2001 reporting period. See CLE Reg. 503.04.

[Cite as *03/13/2003 Case Announcements*, 2003-Ohio-1153.]

# CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS

*March 13, 2003*

## MISCELLANEOUS DISMISSALS

**2002–2239.   State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.**
Madison App. No. CA2000–04–014. This cause is pending before the court as an appeal from the Court of Appeals for Madison County. It appears from the records of this court that appellant has not filed a merit brief, due March 3, 2003, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this case with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed, sua sponte.

## MISCELLANEOUS ORDERS

**2003–0112.   Columbus Bar Assn. v. Newsom.**
On April 5, 2002, pursuant to Gov.Bar R. X, this court imposed a monetary sanction and suspended respondent, Fred Lauverture Newsom Jr., Attorney Registration No. 0027084, last known business address in Columbus, Ohio. On January 17, 2003, movant, Columbus Bar Association, filed a motion for order to show cause why respondent should not be held in contempt for failing to obey this court's April 5, 2002 order. Upon consideration thereof,

IT IS ORDERED by this court that the motion be and is hereby granted to the extent that respondent show cause by filing a written response with the Clerk of this court on or before 20 days from the date of this order why respondent should not be held in contempt.

IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

## MEDIATION REFERRALS

The following cases have been referred to mediation pursuant to S.Ct.Prac.R. XIV(6):

2003–0390. State ex rel. Americare Corp. v. Logan.
Franklin App. No. 02AP–556, 2003-Ohio-627.

[Cite as *03/14/2003 Case Announcements*, 2003-Ohio-1169.]

# CASE ANNOUNCEMENTS AND ADMINISTRATIVE ACTIONS
## *March 14, 2003*

### MOTION AND PROCEDURAL RULINGS

1984–1660. State v. Martin.
Cuyahoga App. No. 47301. Upon consideration of appellant's motion to stay execution set for March 26, 2003,

IT IS ORDERED by the court that a limited stay of execution be, and hereby is, granted.

IT IS HEREBY ORDERED by this court that appellant's sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Wednesday, the 18th day of June, 2003, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Cuyahoga County.

1988–1852. State v. Brewer.
Greene App. No. 87CA67. Upon consideration of appellee's motion to set execution date,

IT IS ORDERED by the court that the motion to set execution date be, and hereby is, granted.

IT IS HEREBY ORDERED by this court that appellant's sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Tuesday, the 29th day of April, 2003, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Greene County.

1991–2137. State v. Campbell.
Hamilton App. No. C–890330. Upon consideration of appellee's motion to set execution date,

IT IS ORDERED by the court that the motion to set execution date be, and hereby is, granted.

IT IS HEREBY ORDERED by this court that appellant's sentence be carried into execution by the Warden of the Southern Ohio Correctional Facility or, in his absence, by the Deputy Warden on Wednesday, the 14th day of May, 2003, in accordance with the statutes so provided.

IT IS FURTHER ORDERED that a certified copy of this entry and a warrant under the seal of this court be duly certified to the Warden of the Southern Ohio Correctional Facility and that said Warden shall make due return thereof to the Clerk of the Court of Common Pleas of Hamilton County.

### DISCIPLINARY CASES

1992–0422. Columbus Bar Assn. v. Gaba.
On June 17, 1992, in case No. 1992–0422, *Columbus Bar Assn. v. Lawrence Charles Gaba*, this court indefinitely suspended respondent, Lawrence Charles Gaba. On October 16, 2002, relator, Columbus